LAW LIBRARY

NO. 28576

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK, APPELLATE COURTS
STATE OF HAWAI'I

2010 APR 21 AM 7:54

FILED

ALI E. JABALI, Plaintiff-Appellant,

vs.

CITY AND COUNTY OF HONOLULU, and
TRENT UENO, as an individual, Defendants-Appellees,

and

JOHN DOES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 02-1-2329)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard, and Reifurth, JJ.)

Plaintiff-Appellant Ali E. Jabali (Jabali) appeals pro se from the Judgment filed on May 23, 2007, in the Circuit Court of the First Circuit (circuit court),[1] in favor of Defendants-Appellees City and County of Honolulu (City) and Trent Umeno (Umeno)[2] and against Jabali on all causes of actions raised in Jabali's complaint.

Jabali filed a complaint in the circuit court against the City and Umeno, a Honolulu police officer, alleging that Umeno and/or the City: 1) violated Jabali's rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution; 2) violated Jabali's rights under

---

[1] The Honorable Gary W.B. Chang presided.

[2] Defendant-Appellee Trent Umeno's last name is misspelled in Jabali's complaint as "Ueno," and this misspelling also appears in various pleadings including the circuit court's Judgment. In answering the complaint, Umeno acknowledged that he was the person named in the complaint, and he pointed out the misspelling of his name in pleadings filed with the circuit court. We will refer to Umeno by his correct name in this summary disposition order.

Hawaii Revised Statutes Chapters 368 and 378; and 3) were liable for intentional and negligent infliction of emotional distress. Jabali also asserted that the City was liable under a theory of respondeat superior. The City and Umeno filed answers to Jabali's complaint, and they subsequently moved for summary judgment on all claims raised in the complaint. On March 23, 2007, the circuit court filed its order granting the City and Umeno's motion for summary judgment, and the court also filed its Judgment on the same day.

Jabali's opening brief does not comply with the requirement of Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(2006). It does not contain a subject index, table of authorities, a concise statement of the case, a concise statement of the points of error, or a section setting forth the applicable standards of review. These deficiencies alone provide a sufficient basis for this court to reject Jabali's appeal and affirm the circuit court's Judgment. See O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 385, 885 P.2d 361, 363 (1994) ("[F]ailure to comply with HRAP [Rule] 28(b)(4) is alone sufficient to affirm the judgment of the circuit court."); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

In addition, Jabali's opening brief fails to inform this court with any reasonable clarity or coherence of the specific errors Jabali is claiming on appeal or the reasons, with citations to relevant legal authority, that this court should overturn the circuit court. These additional deficiencies are of greater concern because they burden and impede this court by forcing us to guess at the substance of and basis for Jabali's appeal.

Although we endeavor to decide cases on the merits, especially in the case of pro se litigants, Jabali's opening brief is deficient to such a degree that we are unable to do so in this appeal. Jabali has failed to present this court with discernable or coherent arguments upon which a decision can be rendered. See Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi

2

438, 478, 164 P.3d 696, 736 (2007) (stating that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments"); Kaho'ohanohano v. Dep't of Human Services, 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (concluding that the appellant had failed to raise a discernible argument regarding whether the trial court's findings of fact were clearly erroneous when appellant shifted the burden to the appellate court to comb through the trial court's factual findings and determine which of them were erroneous); Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawai'i 277, 288, 172 P.3d 1021, 1032 (2007) (noting that the appellate court could decline to address a claim for which appellants failed to provide any "discernible argument or cite to any authority with respect to their position"); Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship, 115 Hawai'i 201, 212, 166 P.3d 961, 972 (2007) (concluding that the appellant made no discernible argument because it "cite[d] no authority, present[ed] no analysis as to this argument, and d[id] not explain the relevance of" the identified omission). Accordingly, we are compelled to reject Jabali's appeal.

The May 23, 2007, Judgment of the circuit court is affirmed.

DATED: Honolulu, Hawai'i, April 21, 2010.

ON THE BRIEFS:

Ali E. Jabali
Plaintiff-Appellant
Pro Se

Carrie K.S. Okinaga
Corporation Counsel
Sharon Lam Blanchard
Deputy Corporation Counsel
for Defendants-Appellees

Chief Judge

Associate Judge

Associate Judge

3